UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA


TIMOTHY G. HENSON,              )
                                )
                Plaintiff,      )
vs.                             )   No. 1:10-cv-1009-WTL-DML
                                )
EDWIN BUSS, et al.,             )
                                )
                Defendants.     )


**Entry Discussing Motion for Temporary Restraining Order**

The plaintiff, a state prisoner, seeks the issuance of a temporary restraining order.

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (citation omitted). An injunction is an equitable remedy so its issuance is one which falls within the sound discretion of the district court. *See Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944). A court may issue a stay pending appeal or an order granting interim injunctive relief only when the movant demonstrates: (a) he is likely to succeed on the merits; (b) that he is likely to suffer irreparable harm in the absence of preliminary relief; (c) that the balance of equities tips in his favor; and (d) that an injunction is in the public interest. *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2008). The "movant has the burden to show that all four factors . . . weigh in favor of the injunction." *Davis v. Pension Benefit Guar. Corp.,* 571 F.3d 1288, 1292 (D.C.Cir. 2009).

**The plaintiff's motion for a temporary restraining order [36] is denied.** The reasons for this ruling include the following:

1. The concerns present in such motion are not extraordinary.

2. There is no indication that the plaintiff has been or will be impeded in his ability to litigate this matter in an effective manner.

3. The relief sought by the plaintiff, in the manner sought, would be of no significance; that is, the temporary restraining order would expire ten days after it was issued, for that is the nature of a temporary restraining order.

4. Process has not been issued to any of the defendants and the court has not acquired *in personam* jurisdiction over any of the defendants.

5. It has not been determined whether a legally viable claim is asserted in the amended complaint. Thus, the screening required by 28 U.S.C. § 1915A(b) has not been conducted. Given the length and complexity of the complaint, this screening step will be significant.

6. The relief sought by the plaintiff would not be consistent with the Supreme Court's directions that "federal courts . . . afford appropriate deference and flexibility to state officials trying to manage a volatile environment[.]" *Sandin v. Conner,* 515 U.S. 472, 483 (1995). Where a plaintiff requests an injunction that would require the court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode,* 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell,* 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. *Beard v. Banks,* 548 U.S. 521, 528 (2006); *Bell v. Wolfish,* 441 U.S. 520, 527 (1979). See *Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir. 1998) ("it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison[.]"). As noted in *Fox v. Rodgers,* 2009 WL 891719 (E.D.Mich. 2009), any injunction issued against prison officials dealing with the day-to-day operation of the prison system may cause substantial harm to both public and private interests. Routine prison operations are related to security concerns, *see, e.g., Walker v. Hughes,* 558 F.2d 1247 (6th Cir. 1977), and are matters with which the federal courts should be reluctant to interfere. "It is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison[.]"*Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir. 1998).

7. The plaintiff's request is too vague and lacks the specificity required by Rule 65(d) of the *Federal Rules of Civil Procedure.* See *Patriot Homes, Inc. v. Forest River Housing, Inc.,* 512 F.3d 412 (7th Cir. 2008). Rule 65(d) requires that a preliminary injunction be specific in its terms and set forth in reasonable detail the acts to be restrained. It is for this reason that an injunction requiring a party to "obey the law" is improper. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1200-01 (11th Cir. 1999); *Daniels v. Woodbury County, Iowa*, 742 F.2d 1128, 1134 (8th Cir. 1984) ("[A]n injunction which does little or nothing more than order the defendants to obey the law is not specific enough."). This court is incapable of enforcing so broad and vague an injunction. *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (finding that because "an injunctive order prohibits conduct under threat of judicial punishment, basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed.").

8. Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,* 454 U.S. 464, 471 (1982). As suggested by the observation in paragraph 5 of this Entry, if the complaint fails to state a viable claim for relief the action will have to be dismissed, see *Jones v. Bock,* 127 S. Ct. 910, 921 (2007)(pursuant to 28 U.S.C. § 1915A(b), "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief"), and there would be no case or controversy sufficient to support the court's limited jurisdiction.

9. Additionally, a preliminary injunction involving conditions of confinement at a prison must be "narrowly drawn, extend[ ] no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The motion for a temporary restraining order seeks relief of such scope that it is unlikely this statutory command could be satisfied.

**IT IS SO ORDERED.**

Date: 01/11/2012

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Timothy G. Henson
128238
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064